UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOE HOUSTON,

        Plaintiff,

v.                                       Case No.

THE TJX COMPANIES, INC.,
        Defendant.

_____/

## COMPLAINT

(Injunctive Relief Demanded)

      Plaintiff, JOE HOUSTON, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, The TJX Companies, Inc., (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

2.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property's situs. The Defendant's property is located in, and the Defendant does business within this judicial district.

3.      Plaintiff Joe Houston lives in Pompano Beach, Florida. He is sui juris, and, as the result of spinal injuries resulting from an automobile accident is paralyzed and is confined to a wheel chair. He has limited upper body strength, limited use of his hands, and is unable to operate mechanisms that require tight grasping, pinching, or twisting. Mr. Houston thus qualifies as an individual with disabilities as defined by the ADA.

4.      Defendant's property, T.J. Maxx, 3120 N. Federal Highway, Fort Lauderdale, Florida (The "property"), is located in Broward County.

5.      The store involved in this lawsuit is located approximately eight miles or fifteen minutes from Mr. Houston's home. Plaintiff shops at T.J. Maxx stores approximately five or six times a year and also goes when there are sales. He has been to the property which forms the basis of this lawsuit on several occasions. The most recent being around August 26, 2011. Mr. Houston plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property have been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

6.      Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendant owns, operates, leases or leases to is known as T.J. Maxx, 3120 N. Federal Highway, Fort Lauderdale, Florida.

7.      Joe Houston has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as

described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Joe Houston desires to visit the Defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property are in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated against, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

**Access to Goods and Services**
1. There is insufficient clearance for customers to access all parts and merchandise of the store, violating sections 4.3.1 and 4.3.3. of the ADAAG, whose resolution is readily achievable.

2. The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

3. The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Restrooms**

4. The facility fails to provide protective features in all the restrooms , Violating section 4.19.4 of the ADAAG, whose resolution is readily achievable.

5. Some of the facilities do not provide the required latch side clearance, in violation of section 4.13 of the ADAAG, whose resolution is readily achievable.

10.     The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA and FAC  violations.  Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11.     Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 *et seq*.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.     Plaintiff is without adequate remedy at law and are suffering irreparable harm.  Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA and FAC.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
954-462-0600
fax 954-462-1717
cullen@thomasbaconlaw.com
Florida Bar. No. 167853

By:*/s/ Philip Michael Cullen, III,*

**STANDARD ADA**
**FEE AGREEMENT**

     This agreement shall set forth our understanding as to the nature and scope of the legal services we have agreed to render for you, the amount of our fees for these services, the manner in which our fees for these services shall be determined and the terms upon which you will make payment of these fees.  This agreement shall be known as the "Standard ADA Fee Agreement."  This agreement shall apply to the following property: T.J. Maxx, 3120 N. Federal Highway, Fort Lauderdale, Florida.

1. **Nature of Legal Services**.  You have engaged  Thomas B. Bacon, P.A., to represent your interests concerning a claim or lawsuit concerning violations of **ADA** and to seek **injunctive relief under the ADA against** The TJX COMPANIES, Inc.,    However, we have not made any representations or guarantees concerning the outcome of your matter.

2. **Fees for Services**.  You will be billed for our services on the basis of an hourly rate.  It is our practice to bill for our actual time expended on your behalf but not less than 1/4th of an hour for each telephone call or other service no matter how short its duration, **at an hourly rate of $425.00 per hour for the law office of Thomas B. Bacon or such higher hourly rate permitted by the Court,** in view of the contingent nature of this matter.  The firm may use senior associate attorneys, law clerks, paralegals and attorneys acting in of-counsel capacity at their standard hourly rates when it is most advisable to do so.  The hourly rates are subject to annual adjustment.  You understand that it is not possible at this time to determine the total amount of our fees for our services.  **Please see Paragraph 4, below.**

3. **Costs**.  We will also charge you for certain costs and expenses, together with applicable taxes, if any, which may include investigative fees, expert witness and consultant fees, filing fees, recording costs, travel expenses, delivery charges, long distance telephone charges, photocopies, postage, computer research charges, court reporting fees, word processing charges and secretarial overtime when necessitated by the circumstances of the matter.  The cost will also include fees for an expert ADA Consultant we will need to retain on your behalf.  Such expert fees are currently running between $175.00 and $250.00 per hour.  **Please see Paragraph 4, below**.

4. **Payment of Fees and Costs**.  The fees and costs incurred in this matter will be sought through an agreement to pay with the Defendant, or by the Defendant, pursuant to a Court Order.  We will seek payment of our fees and costs from the Defendant pursuant to the provisions of the Americans with Disabilities Act which provides that, "In an action pursuant to the Act, the Court may allow the prevailing party, reasonable attorneys' fees, including litigation expenses and costs.

5. **Statement of Client's Rights**.  The undersigned clients have, before signing this contract, received and read The Statement of Client's Rights, attached to this Agreement, and understand each of the rights set forth therein.  The undersigned clients have signed the statement and received a signed copy to keep as reference while being represented by the undersigned attorneys.

1

2

 This Contract may be canceled by written notification to the attorneys at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorneys for the work performed during that time.

 If the undersigned clients elect to terminate this Agreement, the client shall pay the attorneys the reasonable value of services performed to date.

 Undersigned clients understand that litigation is extremely expensive, time-consuming, dependent on expert witness testimony and highly problematical with regard to the chances for success.  Clients further understand that these cases take many months to investigate, gather information and evaluate.  For these reasons, Clients recognize the right of said law firms to withdraw from the case and return the file to Clients at said law firm's discretion.

6.  **Type of Proceeding**.  Client understands that the relief sought is injunctive relief and not monetary damages.  Client authorizes **Thomas B. Bacon**, to initiate the lawsuit, either as a separate suit or on behalf of any other similarly situated parties, or associations named as Plaintiffs (if applicable), or as a class action on behalf of others similarly situated.

7.  **Commencement of Representation**.  If the foregoing is agreeable to you, please acknowledge your understanding and agreement by signing this letter and delivering it to us; then we will commence our representation.  We appreciate your confidence in our firm and we assure you that we will make every effort to perform our services in a prompt and efficient manner.

**DATED** this _____ day of _____, 2011.

 All ADA litigation for injunctive relief undertaken by the undersigned attorneys on behalf of the undersigned Plaintiff is hereby accepted upon the terms stated herein.


**Agreement entered into by:**
                **Thomas B. Bacon**
                **Attorney-At-Law**

_____   ___**/s/**_____
JOE HOUSTON,            Thomas B. Bacon, Esq.


Re: T.J. Maxx, 3120 N. Federal Highway, Fort Lauderdale, Florida.

## **STATEMENT OF CLIENT'S RIGHTS**

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual Contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage, as in any other Contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the Contract. You may cancel the Contract without any reason if you notify your Lawyer in writing within 3 business days of signing the Contract. If you withdraw from the Contract within the first three business days, you do not owe the lawyer a fee, although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another attorney. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingency fee Contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he, or she, should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee Contract.

5. If your lawyer intends to refer your case to another lawyer, or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer the case to other lawyers or to associate with other lawyers, you should sign a new Contract with includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interest and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money

1

      which you might have to pay to your lawyer for costs, and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case, before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer, at reasonable intervals, how the case is progressing, and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make a final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the Trial. Offers during the Trial must be immediately communicated, and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If, at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call (904) 222-5286, or contact the local office of The Florida Bar. Any disagreement between you and your lawyer about a fee can be taken to Court, and you may wish to hire another lawyer to help you resolve this disagreement. Usually, fee disputes must be handled in a separate lawsuit.

12. For purposes of all future litigation involving the undersigned Plaintiff and attorneys, this document shall be known as "The Standard ADA Statement of Clients Rights."

I HAVE READ THE FOREGOING AND UNDERSTAND SAME, AND HAVE RECEIVED A

COPY OF SAME THIS _____ DAY OF _____, 2011.


**By:**_____    **By:** __/s/_____
    Joe Houston                                   **THOMAS B. BACON**

Re: T.J. Maxx, 3120 N. Federal Highway, Fort Lauderdale, Florida.

2

# **VERIFICATION AND AUTHORIZATION TO INITIATE**
# **COMPLAINT FOR INJUNCTIVE RELIEF**
# **UNDER THE ADA**

1. Authorization is hereby given to Thomas B. Bacon, P.A. to initiate a complaint on my behalf against the following defendant:

   THE TJX COMPANIES, INC.,

2. For the case involving the above mentioned defendant, the "Standard ADA Fee Agreement" and the "Standard ADA Statement of Client's Rights", shall establish the rights and obligations of the client and the attorneys.

3. I have been to the subject property, encountered and observed barriers to access which discriminated against me on the basis of my disability. I have read the draft of the Complaint prepared by Thomas B. Bacon, P.A., and I agree with its contents.


Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

_____     _____
JOE HOUSTON                                                  Date


Re: T.J. Maxx, 3120 N. Federal Highway, Fort Lauderdale, Florida.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOE HOUSTON,                                          :
                                                      :
     Plaintiff,                                       :
                                                      :
v.                                                    :        **SUMMONS IN A CIVIL CASE**
                                                      :
THE TJX COMPANIES, INC.,                              :        **case no:**

     Defendant.
_____/

To:  THE TJX COMPANIES, INC.
     c/o CT Corporation System
       1200 South Pine Island Road
       Plantation, Florida 33324
     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

 Philip Michael Cullen, III, Esq.
 Thomas B. Bacon, P.A.
 621 South Federal Highway, Suite Four
 Fort Lauderdale, Florida 33301
 954-462-0600

an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____         _____
Clerk                                           Date


_____
(By) Deputy Clerk
     AO 440 (Rev. 8/01) Summons in a Civil Action